THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* NEW MEL-
ROSE FIREWORKS DISPLAY COMPANY, Defendant-Appellee.

(No. 73-217; ▮▮▮▮▮▮▮

Second District—July 10, 1973.

William J. Cowlin, State's Attorney, of Woodstock, (James M. Boback,
Assistant State's Attorney, of counsel,) for the People.

Simon Stickgold, of Woodstock, for appellee.

PER CURIAM:

On June 14, 1973, the plaintiff filed a petition for confiscation and
destruction of certain fireworks owned by defendant, the New Melrose
Fireworks Display Company, and valued in excess of $100,000. Upon
motion, the trial court entered a final order dismissing plaintiff's petition,
from which decision plaintiff appeals. We granted the joint motion of
the parties to waive abstracts or excerpts and to advance the cause for
oral argument as an emergency matter to be decided prior to July 4th.
We have affirmed the judgment below specifying that a written opinion
would follow.

The petition was filed pursuant to the provisions of section 4 of "An
Act to prohibit the sale, offering or exposing for sale of fireworks; defin-
ing fireworks and to regulate the manner of using fireworks, and to pro-
vide penalties for the violation of the provisions of the Act." (Ill. Rev.
Stat. 1971, ch. 127½, par. 130.) The petition is based on violation by

defendant of section 2 of the Act (Ill. Rev. Stat. 1971, ch. 127½, par. 128), which prohibits the use or explosion of fireworks without a public display permit.

No evidence was taken in the proceedings below, but the parties have stipulated that defendant was in possession of a large quantity of fireworks which were seized, and that defendant has exploded fireworks on the premises of its plant for testing purposes without a public display permit. Plaintiff has also acknowledged that defendant is duly certificated by the State of Illinois to engage in the manufacture of fireworks.

The Act upon which the petition is based (Ill. Rev. Stat. 1971, ch. 127½, pars. 127—131), is designed, as the title indicates, to prohibit and regulate the sale and use of fireworks. Standing alone, a literal application of section 2 (Ill. Rev. Stat. 1971, ch. 127½, par. 128) under the facts stipulated would find defendant in violation of its terms for testing its product. However, as it relates to manufacturers of fireworks, the Act under which the State seeks confiscation should not be so construed.

Pertinent is the Fireworks Regulation Act (Ill. Rev. Stat. 1971, ch. 127½, pars. 101—126), which, as its title indicates, relates to the manufacture, possession, storage, transportation, sale and use of fireworks. Under its provisions fireworks plants are certificated and specifically regulated. Nowhere directly mentioned is a procedure by which fireworks manufacturers may test their product. However, section 5 of the Fireworks Regulation Act (Ill. Rev. Stat. 1971, ch. 127½, par. 105) provides:

> "No fireworks shall be discharged, ignited or exploded at any point in the State within 600 feet of any hospital, asylum or infirmary."

■■ It is inconceivable to us that the legislature intended to permit the manufacture of fireworks in this State without also permitting the manufacturer, for reasons of safety, to test fireworks it produces. We therefore hold that section 5 above cited impliedly authorizes a manufacturer of fireworks to test its fireworks, provided it does not discharge, ignite or explode fireworks within 600 feet of any hospital, asylum or infirmary; and provided that the other provisions of the Act are complied with, including any applicable rules and regulations adopted by the Department of Law Enforcement.

■■ We further hold that section 2 of the Act prohibiting the sale and regulating the use of fireworks (Ill. Rev. Stat. 1971, ch. 127½, par. 128), in so far as it applies to manufacturers of fireworks, should be read in pari materia with section 5 of the Act relating to the manufacture, possession, storage, transportation, sale and use of fireworks (Ill. Rev. Stat. 1971, ch. 127½, par. 105), so that defendant's explosion of fireworks

for testing purposes as authorized by the latter provision should not be deemed to constitute a violation under section 2. (See *People ex rel. Killeen v. Kankakee School Dist.* (1971), 48 Ill.2d 419, 422-423.) There being no violation, plaintiff's petition for confiscation and destruction was properly dismissed. We therefore affirm the judgment of the trial court.

Judgment affirmed.